UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHAUN-THORSKRIEGER RAVENWOOD-ALEXANDER,

                Plaintiff,

v.                                            Case No. 17-cv-7-pp

JOSEPH BEAHM, SEAN M. BRYAN,
RANDALL S. BOUZEK, GABRIEL UMENTUM,
TODD R. OLIG, JESSIE J. SCHNEIDER,
ANN M. SLINGER, AND JANE DOE,

                Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 19)**

---

       The plaintiff is a Wisconsin state prisoner representing himself. He has filed a motion to compel the Department of Corrections to give him "documents received thru mail pertaining to discovery." Dkt. No. 19 at 1. The court will deny the plaintiff's motion.

       On February 16, 2017, Magistrate Judge David E. Jones screened the plaintiff's complaint under 28 U.S.C. §1915A. Dkt. No. 11. Judge Jones allowed the plaintiff to proceed on the following claims, based on the plaintiff's allegations that that defendants violated his constitutional rights on May 24, 2015, while incarcerated at the Waupun Correctional Institution: (1) defendants Beahm and Schneider allegedly used excessive force against the plaintiff in violation of the Eighth Amendment by pepper-spraying him without justification; (2) defendants Beahm, Umentum, Olig, Bouzek, Bryan, and Schneider allegedly violated the plaintiff's Eighth Amendment rights by failing

1

to decontaminate him of the pepper spray; (3) defendants Beahm, Umentum, Olig, Bouzek, Bryan, Doe, and Schneider allegedly violated the plaintiff Eighth Amendment rights by using excessive force and/or failing to intervene in the excessive force when the plaintiff was slammed onto the stairs and beaten; (4) defendants Beahm, Umentum, Olig, Bouzek, Bryan, Schneider, and Doe allegedly violated the plaintiff's Eighth Amendment rights by conducting, participating in, and otherwise watching him be subjected to a manual staff-assisted strip search without justification and for the purpose of humiliating him; (5) defendant Slinger allegedly violated the plaintiff's Eighth Amendment rights, and his rights under Wisconsin state law, by failing to treat his apparent injuries and claiming that he was "fine"; and (6) defendants Beham, Umentum, Olig, Bouzek, Bryan, Schneider, and Doe allegedly violated the plaintiff's Eighth Amendment rights by placing him in a cell naked with no property or running water for nine hours, knowing that he still had a substantial amount of pepper spray on him, and by failing to clean the cell which was still contaminated with pepper spray. Dkt. No. 11 at 3-4.

I.  Plaintiff's Motion to Compel

In his motion to compel, the plaintiff states that staff at Green Bay Correctional Institution, where he is currently confined, issued a notice of non-delivery pertaining to thirty-three pages of internet material on "chemical agents" that he received in the mail. Dkt. No. 19 at 1. The plaintiff states that this material relates to the chemical agents used on him on May 24, 2015, and that it is relevant to his claims. Id. According to the plaintiff, institution staff

will not allow him to have the material because it "poses a threat to security." Id. The plaintiff doesn't think that the material poses a threat to security, because it merely provides "an informative background on the Chemical Agents." Id. at 1-2. He asks the court to order Department of Corrections and the Warden at the Green Bay Correctional Institution to allow him to have the documents. Id. at 2.

The defendants have responded that the court should deny the motion, because he never has served them with discovery demands and because he failed to certify that he contacted counsel to attempt to resolve the dispute before filing his motion to compel. Dkt. No. 20.

II.     Discussion

Federal Rule of Civil Procedure 37(a)(1) allows a party to file a motion to compel *the opposing party* to produce discovery. Rule 37(a)(3)(A) says that a party may file such a motion if the other side "fail[ed] to make a disclosure required by Rule 26(a);" Rule 37(a)(3)(B) says that a party may file such a motion if that party is seeking discovery if the other side, among other things, "fail[ed] to answer an interrogatory," or "fail[ed] to produce documents . . . ." So—Rule 37 assumes that the party seeking the motion to compel has asked the other side to disclose or produce certain documents, and that the other side has not complied with that request.

The plaintiff never has filed a request asking defendants Beahm, Bryan, Bouzek, Umentum, Olig, Schneider, or Slinger to give him internet documents relating to chemical agents. Because the plaintiff has not asked the defendants

3

in this case to provide such documents in discovery, there is no basis for the court to order these defendants to produce such documents now.

Further, the plaintiff did not ask the court to compel *the defendants* to produce these documents. He asked the court to compel the Department of Corrections and the warden of the Green Bay Correctional Institution—neither of whom is a defendant in this case—to give him these documents. The court has no basis for ordering non-parties to produce documents.

As far as the court can tell, someone outside the prison system mailed the thirty-three pages of internet printouts to the plaintiff. The court does not know who mailed those documents to the plaintiff, but it wasn't the defendants, and that means that the documents are not "discovery"—"discovery" is information that is exchanged between the parties to the case. It appears that these documents were mailed to the plaintiff in regular inmate mail (not mail between the parties, or between the court and the plaintiff). The court will not interfere with the Green Bay Correctional Institution's security decisions about what outside mail it will and will not allow inmates to receive from individuals who are not parties to the case.

The court **DENIES** the plaintiff's motion to compel. Dkt. No. 19.

Dated in Milwaukee, Wisconsin this 27th day of June, 2017.

> **BY THE COURT:**
>
> _____
> **HON. PAMELA PEPPER**
> **United States District Judge**