UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHAUN-THORSKRIEGER RAVENWOOD-ALEXANDER,

                Plaintiff,

v.                                                  Case No. 17-cv-7-pp

JOSEPH BEAHM, *et al.*,

                Defendants.

---

**ORDER REQUIRING DEFENDANTS TO RESPOND TO PLAINTIFF'S MOTION TO COMPEL AND STAYING THE DISPOSITIVE MOTION DEADLINE**

---

The plaintiff is a Wisconsin state prisoner representing himself. He has filed a motion to compel discovery. Dkt. No. 30. Specifically, the plaintiff asks the court (1) to order the defendants to provide him with his health services, psychological services and other medical files; (2) to deem his request for admission #10 as admitted; and (3) to award the plaintiff costs and fees. The court will order the defendants to respond to the plaintiff's motion to compel, and will stay the dispositive motion deadline pending its decision on the plaintiff's motion.

With regard to the plaintiff's request that the defendants provide him with copies of his heath records, the court notes that, as advised by the defendants, he submitted multiple requests to the relevant department at his institution in an attempt to access those records. Dkt. No. 32, ¶7. The plaintiff explains that he received no response to his requests, so he notified the defendants' counsel, and narrowed his request to "those portion(s) of [his] HSU,

1

PSU, and other medical files that [the defendants] intend to use as evidence or that are relevant to the claims of this lawsuit." Id. The plaintiff states that the defendants' counsel did not respond. Id.

The court generally does not, as a first step, order defendants to produce documents to plaintiffs that plaintiffs can obtain from other sources (*i.e.*, from the staff at their institution). Instead, it encourages plaintiffs to comply with whatever institution policies allow for the review of their health records. That, however, assumes that an institution will allow a plaintiff access to his health records upon a plaintiff's compliance with the relevant policies. If a plaintiff complies with the policy requirements, yet is unable to gain access to his files, the court looks to the defendants either to ensure the plaintiff has access at his institution or to provide copies of the relevant records to the plaintiff.

Although the court does not have enough information right now to take that second step, it encourages the defendants to look into the plaintiff's representations regarding his inability to access his health records despite his compliance with institution policies regarding such access.

Finally, the court notes that it has set a deadline of August 21, 2017 for the filing of dispositive motions. It is likely that the plaintiff will require access to his health records in the event he wants to file a dispositive motion or must respond to a dispositive motion filed by the defendants. The court will stay the dispositive motion deadline pending a decision on the plaintiff's motion to compel.

The court **GRANTS** the plaintiff's motion to compel, to the extent that it **ORDERS** the defendants to respond to the plaintiff's motion to compel by **September 1, 2017**. Dkt. No. 30. If the plaintiff does not receive access to his health records by that time, he may file a reply in support of his motion (letting the court know that he did not receive access to the documents). If the plaintiff decides to file a reply, he must do so by **September 15, 2017**.

The court **STAYS** the dispositive motion deadline.

Dated in Milwaukee, Wisconsin this 14th day of August, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**