UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHAUN-THORSKRIEGER RAVENWOOD-ALEXANDER,

            Plaintiff,

v.                                          Case No. 17-cv-7-pp

JOSEPH D. BEAHM,
SEAN M. BRYAN,
RANDALL S. BOUZEK,
GABRIEL UMENTUM,
TODD R. OLIG,
JESSIE J. SCHNEIDER,
ANN M. SLINGER, AND
KELSEY BESTE,

            Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DKT. NO. 30); SETTING DEADLINES FOR THE PARTIES TO FILE INFORMATION REGARDING WHETHER THE COURT SHOULD REQUIRE THE DEFENDANTS TO PAY REASONABLE FEES AND COSTS RELATING TO THE PLAINTIFF'S MOTION TO COMPEL; DENYING PLAINTIFF'S MOTION FOR TELEPHONE CONFERENCE (DKT. NO. 36); GRANTING PLAINTIFF'S MOTION FOR ORDER SETTING SUMMARY JUDGMENT DEADLINES AND RESOLVING REQUEST FOR SANCTIONS (DKT. NO. 37); DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF SECURITY CAMERA FOOTAGE (DKT. NO. 38); AND SETTING DISPOSITIVE MOTION DEADLINE OF FEBRUARY 21, 2018**

---

      The plaintiff, a Wisconsin prisoner representing himself, filed a motion to compel discovery on August 10, 2017. Dkt. No. 30. On August 14, 2017, the court directed the defendants to respond to the motion, and stayed the dispositive motion deadline. Dkt. No. 33. The motion to compel now is fully briefed. Since then, the plaintiff also has filed a motion for telephone

1

conference, dkt. no. 36; a motion for order setting summary judgment deadlines and resolving request for sanctions, dkt. no. 37; and another motion to compel discovery, dkt. no. 38.

1. <u>August 10, 2017, Motion to Compel Discovery</u>

In his motion to compel discovery, the plaintiff asked the court (1) to order the defendants to provide him with his health services, psychological services, and other medical files; (2) to deem his request for admission #10 as admitted; and (3) to award the plaintiff costs and fees. Dkt. No. 30. In response, counsel for the defendants avers that on August 31, 2017, she sent the plaintiff certified copies of his health services and psychological services records from January 2015 through June 21, 2017. Dkt. No. 34 at ¶ 2. The plaintiff acknowledges that his motion to compel the production of his medical files is now moot. Dkt. No. 35 at 1.

With regard to Request for Admission #10, the plaintiff contends that the court should deem that request admitted, because the defendants failed to respond to the request in a timely manner. Dkt. No. 31 at 4. According to the plaintiff, although the defendants timely responded to his first set of requests for admissions, they did not admit, deny or object to Request for Admission #10. <u>Id.</u>

> Request for Admission #10, and the defendants' response, states:
>
> 10. On May 24, 2015, Defendants were aware that Plaintiff had sustained physical injuries as a result of the use of physical force.
>
> RESPONSE: The Defendants are unable to admit or deny this request because the Plaintiff has not returned the signed

> authorization and informed consent for use and disclosure of medical information that was sent to him on March 2, 2017. Because the Defendants cannot access Plaintiff's medical information, they are unable to admit or deny this request.

Dkt. No. 32-1 at 15-16. The plaintiff states that, contrary to the defendants' response to Request for Admission #10, he *did* sign and return the consent form to allow the defendants to access his medical records. Dkt. No. 31 at 4. The plaintiff also argues that the defendants did not need to reference his medical records to either admit or deny the request, because they would have known whether or not they were aware of his physical injuries without looking in the plaintiff's medical files. Id.

The defendants filed a declaration in response to the motion to compel. Dkt. No. 34. In the declaration, counsel for defendants avers that on August 31, 2017, she sent the plaintiff the defendants' supplemental response to his first set of requests for admissions, in which they denied Request for Admission #10. Dkt. No. 34 ¶ 3.

In his reply, the plaintiff reiterates his contention that the defendants' initial response to Request for Admission #10 was flawed. Dkt. No. 35 at 2. The plaintiff asserts that, even if the court accepts the defendants' initial response as reasonable, the court still should deem Request for Admission #10 admitted, because the defendants' supplemental response was untimely. Id. The plaintiff states that, assuming for the sake of argument that the defendants needed the plaintiff's medical files to supplement their response to Request for Admission #10, they failed to do so in a timely manner, in violation of Federal Rule of Civil Procedure 26(e)(1)(A). Dkt. No. 35 at 2. The plaintiff explains that the

3

defendants received his medical records on June 21, 2017, but did not serve a response on the plaintiff until August 31, 2017. Id.

"A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). In his reply, the plaintiff appears to concede that the defendants did not have access to his medical records when they initially responded. Dkt. No. 35 at 2. The court finds it reasonable that the defendants would want to review the records before responding, given that Request for Admission #10 relates to the plaintiff's physical injuries. These defendants see many inmates and many situations day after day; without reviewing medical records, they may not be able to remember what they knew, and when they knew it, about a particular inmate. The plaintiff has not established a basis for the court to deem Request for Admission #10 admitted under Rule 36(a)(3), because the defendants timely responded to the initial request. The plaintiff has also not established a basis for the court to deem Request for Admission #10 admitted under Rule 26(e)(1)(A), because that rule does not provide for admission of a request.

Finally, the plaintiff contends that the court should impose sanctions and/or award expenses under Fed. R. Civ. P. 37(a)(5)(A), due to the defendants' failure to supplement their response to Request for Admission #10 and to produce his medical records until after he filed his motion to compel. Dkt. No. 35 at 3. The defendants sent the plaintiff his medical records and they

4

supplemented their response on August 31, 2017. The defendants did not respond to the plaintiff's request for sanctions and expenses.

Rule 37(a)(5)(A) does not mention sanctions. That rule merely provides that if a court grants a motion to compel, or if the non-moving party provides the discovery *after* the movant filed the motion to compel, the court must, "after giving an opportunity to be heard," require the party who didn't timely disclose to pay the moving party's reasonable expenses incurred in filing the motion to compel. Even if that rule did provide for the imposition of sanctions, the court would not impose them, because the defendants' conduct does not warrant them.

The rule does, however, require the court to order the non-moving party to pay reasonable costs and fees if that party turned over the discovery *after* the movant filed his motion. Fed. R. Civ. P. 37(a)(5)(A) states that "[i]f . . . the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, . . . to pay the movant's reasonable expenses incurred in making the motion[.]" The plaintiff filed his motion to compel on August 10, 2017; the defendants indicated that they turned the documents over on August 31, 2017—three weeks later, and ten days after the deadline the court had set for completing discovery. Under these circumstances, the court must give the defendants an opportunity to be heard on the question of whether the court should impose sanctions under the rule. The court will require the plaintiff to file with the court a document explaining

what costs he incurred in filing the motion to compel (how much, and what the expenses were for: mailing? copying?) by the end of the day on **Friday, February 2, 2018**. The defendants may file a response to the motion for imposition of fees and costs, as well as objections to any specific expenses, by the end of the day on **Friday, February 16, 2018**. Once the court receives those documents, it will decide whether to order the defendants to pay the plaintiff's fees and costs under Rule 37(a)(5)(A), and in what amount.

2. <u>Plaintiff's Motion for Telephone Conference</u>

On September 11, 2017, the plaintiff filed a motion for telephone conference to resolve outstanding discovery disputes. Dkt. No. 36. He states that there are several outstanding discovery disputes, including timeframe of security camera footage, whether specific security camera footage is relevant and unanswered interrogatories and requests to produce. <u>Id.</u>

The court will deny this request because the plaintiff has filed two other motions, addressed below, that show that the only outstanding discovery issue relates to security camera footage, and because the plaintiff filed a motion to compel related to that issue which the court addresses below.

3. <u>Plaintiff's Motion for Order</u>

On November 13, 2017, the plaintiff filed a motion for order setting a deadline for filing summary judgment motions and resolving his request for sanctions. Dkt. No. 37. He asked the court to set a deadline of December 1, 2017 for filing dispositive motions. <u>Id.</u> at 1. The plaintiff states that "the outstanding discovery issue (the motion to compel security camera footage

6

dated 11/12/17 and request for sanctions) will have little effect on the ability of the parties to litigate a summary judgment motion." Id. at 1-2.

The court will grant the plaintiff's motion to the extent that he seeks a deadline for filing dispositive motions. The will set a dispositive motion deadline of **February 21, 2018**. This means that a party who wishes to file a dispositive motion must file it in time for the court to *receive* it by February 21, 2018.

The court also will grant the plaintiff's motion for a ruling on his request for sanctions. The court issued that ruling above.

4.  November 13, 2017, Motion to Compel Discovery

On November 13, 2017, the plaintiff filed a motion to compel production of security camera footage. Dkt. No. 38. The defendants filed a response in which they aver that Waupun Correctional Institution already had produced the only video footage from May 24, 2015 in its possession that relates to the plaintiff. Dkt. No. 39 at 1. In his reply, the plaintiff asserts that the defendants' response does not address the specific video footage he seeks. Dkt. No. 41. He concludes that the defendants admit that the footage exists. Id. The defendants' response clearly states, however, that they have provided the plaintiff with the only video footage they have. Dkt. No. 39 at 1. The defendants cannot be compelled to produce video footage that they do not have. See Holton v. Jess, 2009 WL 666946, at *2 (E.D. Wis. 2009). The court will deny the plaintiff's motion to compel.

The court **DENIES** the plaintiff's motion to compel discovery. Dkt. No. 30

7

The court **ORDERS** the plaintiff to provide the court with the amount of expenses, and type of expenses, he incurred in connection with filing his August 10, 2017 motion to compel by the end of the day on **February 2, 2018**. The defendants shall file any objection/response by the end of the day on **February 16, 2018**.

The court **DENIES** that plaintiff's motion for telephone conference. Dkt. No. 36

The court **GRANTS** the plaintiff's motion for order setting summary judgment deadlines and resolving request for sanctions. Dkt. No. 37

The court **DENIES** the plaintiff's motion to compel production of security camera footage. Dkt. No. 38

The court **ORDERS** that the deadline for filing dispositive motions is **February 21, 2018**.

Dated in Milwaukee, Wisconsin this 18th day of January, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**