UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHAUN-THORSKRIEGER RAVENWOOD-ALEXANDER,

               Plaintiff,

v.                                                 Case No. 17-cv-7-pp

JOSEPH D. BEAHM, SEAN M. BRYAN,
RANDALL S. BOUZEK, GABRIEL UMENTUM,
TODD R. OLIG, JESSIE J. SCHNEIDER,
ANN M. SLINGER, and KELSEY BESTE,

               Defendants.

---

**ORDER DIRECTING DEFENDANTS TO PAY $9.00 IN COSTS TO THE PLAINTIFF WITHIN TWENTY-ONE DAYS OF THE DATE OF THIS ORDER**

---

On August 10, 2017, the court received from the plaintiff a motion to compel discovery. Dkt. No. 30. The motion was one page long, contained a single paragraph and was dated the previous day—August 9, 2017. Id. Along with the motion, the plaintiff filed a five-page, single-spaced, typewritten brief. Dkt. No. 31. Finally, he filed a three-page affidavit, dkt. no. 32, and attached twenty-three pages of exhibits, dkt. no. 32-1.

On January 18, 2018, the court determined that, because the defendants had provided discovery to the plaintiff on August 31, 2017—*after* he filed a motion to compel—Federal Rule of Civil Procedure 37(a)(5)(A) required the court to order them to pay the plaintiff's reasonable costs and fees incurred in making the motion. Dkt. No. 43 at 5. The court directed the plaintiff to file a document with the court, explaining what costs he incurred in filing the August 9, 2017 motion to compel, id. at 5-6, and also ordered that the

1

defendants could file a response to the plaintiff's motion, as well as objections to any specific expenses, id. at 6. Based on the parties' submissions, the court will direct the defendants to pay $9.00 to the plaintiff within twenty-one days of the date of this order.

The plaintiff filed a document titled Itemization of Expenses Incurred in Filing his Motion to Compel. Dkt. No. 44. In it, he states that he incurred expenses totaling $26.90, itemized as follows: (1) $3.00 for one pack of typing paper; (2) $3.90 for photocopy fees; and (3) $20.00 for one typewriter ribbon. Id. The plaintiff also asserts that "any amount awarded him should not be subjected to deductions for restitution, court costs, etc., when received by the Department of Corrections, as these expenditures were made with funds already subjected to such deduction." Id. The plaintiff does not state the dates on which he incurred these expenses, nor did he provide receipts.

In response, the defendants provided documentation showing purchases the plaintiff made between February 24 and September 25, 2017. Dkt. No. 46-1. One receipt shows that the plaintiff received typewriter ribbons ($22.88), a typewriter ($221.65) and a six-pack of correction tape ($31.65) on February 24, 2017—some six months before the plaintiff filed his motion to compel. Id. at 3. Another shows that he received twenty-five embossed envelopes ($15.75), a fan ($18.44) and one typewriter ribbon ($11.44) on June 16, 2017—not quite two months before he filed his motion to compel. Dkt. No. 46-1 at 1. The third shows that he received thirty embossed envelopes ($18.90) and another ribbon

2

($11.44) on September 25, 2017—long after he filed his motion to compel. Id. at 2.

The defendants also provided the plaintiff's "Obligation Activity Report," showing photocopy charges to his account from January 1, 2017 to January 1, 2018. Dkt. No. 46-2. Most of the activity shown on the report took place after the August 9, 2017 date on which the plaintiff signed his motion to compel. It does show, however, that in June 2017, the plaintiff made three withdrawals from his account for copying fees: one on June 12, 2017 for $0.90, one on June 12, 2017 for $0.30 and one on June 19, 2017 for $0.60. Id.

In their response to the plaintiff's document, the defendants ask the court to decline to award costs to the plaintiff because he failed to provide documentation supporting his claimed costs, and because institution records indicate that he did not incur the purported costs and that he did not accurately report the cost of the items he requested. Dkt. No. 45 at 2. The defendants also argue that the court should not award costs because the plaintiff's claims lack merit (based on his failure to exhaust administrative remedies), and they argue that the records they provided will not be material facts for purposes of summary judgment. Id. Finally, the defendants state that they responded to the plaintiff's requests for admission and documents as soon as was practical, that they had no intent to delay the proceedings, and that it was the demanding workload of counsel that required her to prioritize cases "with more emergent deadlines." Id. The defendants conclude that an award of expenses would be unjust under Fed. R. Civ. P. 37(a)(5)(A)(iii), because the

3

plaintiff failed to substantiate his costs and the records show that his reported costs are inaccurate.

Fed. R. Civ. P. 37(a)(5)(A) states that "[i]f . . . the disclosure or requested discovery is provided after the motion was filed—the court ***must***, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, . . . to pay the movant's reasonable expenses incurred in making the motion[.]" (emphasis added). The rule also states that "the court must not order this payment if: . . . (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii).

The defendants' arguments that the plaintiff's claims have no merit, that the materials he asked for are not relevant to the summary judgment motion, and that they had a reason for being late in providing the documents are irrelevant. The court already has concluded that the defendants were required to pay the plaintiff's costs under Fed. R. Civ. P. 37(a)(5)(A); the only request it made of the parties was to provide information regarding the amount of costs to be awarded.

The defendants' arguments as to that issue are more relevant. The plaintiff asks the court to impose a cost of $3.00 for a package of typing paper; the information the defendants provided does not show that the plaintiff bought any typing paper between February and September 2017. The plaintiff says that he incurred $3.90 in copying costs; the Obligation Activity Report doesn't reflect any copying costs in July or August of 2017, and shows only $1.80 in June 2017. Finally, the plaintiff says that he bought one typewriter

ribbon for $20.00. The documents the defendants provided show that typewriter ribbons cost $11.44.

The defendants argue that the plaintiff did not provide receipts or other documentation supporting his claims of what he spent. That is true, but the court did not order the plaintiff to provide supporting documentation. Given the documents the plaintiff filed relating to his motion to compel, it is reasonable to conclude that he used part of a package of typing paper, that he did incur some copying costs (at least twenty-three pages' worth of exhibits), and that he used some of the $11.44 typewriter ribbon to type the motion, the brief and the affidavit. The court cannot conclude that the plaintiff is entitled to costs of $26.90, as he requests—particularly given that some of the typing paper and typewriter ribbon doubtless were used in other cases for other documents.

The court will require the defendants to pay for half of the plaintiff's stated cost for a packet of typing paper—$1.50. The court will require the defendants to pay for the $1.80 in copying fees the plaintiff incurred in June 2017. And the court will require the defendants to reimburse the plaintiff for half of the cost of a typewriter ribbon—$5.70. This comes to a total cost reimbursement of $9.00.

Finally, the court will not take action on the plaintiff's assertion that any funds he received should not be subject to deductions. The institution is

required to follow its own policies; the court will not assume otherwise.

The court **ORDERS** that the defendants shall pay $9.00 in costs to the plaintiff within twenty-one days of the date of this order.

Dated at Milwaukee, Wisconsin this 26th day of June, 2018.

       **BY THE COURT:**

       _____
       **HON. PAMELA PEPPER**
       **United States District Judge**