UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHAUN-THORSKRIEGER RAVENWOOD-ALEXANDER,

        Plaintiff,

v.                                                  Case No. 17-cv-7-pp

JOSEPH D. BEAHM, *et al.*,

        Defendants.

---

**ORDER REQUIRING PLAINTIFF TO INDICATE WHETHER HE OBJECTS TO DEFENDANTS' REQUEST TO DISMISS STATE-LAW MEDICAL CLAIM WITH PREJUDICE**

---

The plaintiff, who is representing himself, filed this lawsuit under 42 U.S.C. §1983, alleging that the defendant violated his constitutional rights. Dkt. No. 1. On February 16, 2018, the court issued a screening order allowing the plaintiff to proceed on seven claims, six of which involved Eighth Amendment violations and one of which involved a Wisconsin state law medical malpractice claim. Dkt. No. 11. The defendants moved for summary judgment, asking the court to dismiss the claims based on failure to exhaust administrative remedies. Dkt. No. 47. The defendants also moved to dismiss the Wisconsin state law medical malpractice claim. Dkt. No. 51. The court granted the motion in part, dismissing two Eighth Amendment claims for failure to exhaust administrative remedies: (1) the plaintiff's Eighth Amendment claim against defendant Slinger (now known as York) for allegedly violating the plaintiff's rights by failing to treat his apparent injuries; and (2) his Eighth Amendment claims against defendants Beahm,

1

Umentum, Olig, Bouzek, Bryan, Schneider and Beste for allegedly placing him naked in a cell with no property or running water for nine hours knowing he was still covered in pepper spray. Dkt. No. 59. The court denied the defendants' motion to dismiss the Wisconsin state law claim because the court found that the plaintiff still had a common law malpractice claim against defendant York. Id.

The defendants now have asked the court to grant partial summary judgment on the state law medical malpractice claim. Dkt. No. 60. They have asked the court to dismiss that claim with prejudice, on its merits. Dkt. No. 61 at 11. They indicated, however, that they would like the court to schedule a trial on the four remaining Eighth Amendment claims:

1) An excessive force claim against Beahm and Schneider for allegedly pepper-spraying the plaintiff without justification;

2) A claim against Beahm, Umentum, Olig, Bouzek, Bryan and Schneider for allegedly failing to decontaminate him of the pepper spray;

3) An excessive force claim against Beahm, Umentum, Olig, Bouzek, Bryan, Beste and Schneider for allegedly slamming Ravenwood-Alexander onto the stairs and beating him and/or failing to intervene; and

4) A claim against Beahm, Umentum, Olig, Bouzek, Bryan, Schneider and Beste for allegedly conducting, participating in, or otherwise watching him be subjected to a manual self-assisted strip search without justification for the purpose of humiliating the plaintiff.

The plaintiff responded by filing a motion asking the court to dismiss the state-law medical malpractice/negligence claim. Dkt. No. 66. He says he'd like to move forward with scheduling a trial on the remaining claims. Id. at 2. He notes,

however, that he is not agreeing to the defendants' proposed findings of fact in support of the most recent partial summary judgment motion. Id.

Federal Rule of Civil Procedure 41(a)(1)(B) says that once a defendant has answered or otherwise responded to the plaintiff's complaint, the court may dismiss that complaint (or a claim in it) at the plaintiff's request only with the court's order, and only on terms that the court considers proper. The rule states that "[u]nless the court states otherwise, a dismissal under this paragraph (2) is without prejudice."

So—while both parties have asked the court to dismiss the state law claim, the *defendants* have asked the court to dismiss the claim on the merits, and with prejudice (meaning that the plaintiff cannot bring the claim in a future lawsuit). The plaintiff's motion does not say whether he agrees with the defendants' request to dismiss the claim *with* prejudice. The defendants have not responded to the plaintiff's motion to dismiss.

The court will require the plaintiff to notify the court whether he objects to dismissal of the state law claim with prejudice. If he does not object, the court will grant the defendants' partial summary judgment motion to dismiss the claim with prejudice (dkt. no. 60), and will recruit counsel to represent the plaintiff ahead of trial.[1] If the plaintiff objects to dismissal with prejudice, he must explain the basis

---

[1] The plaintiff has asked the court to recruit counsel to assist him on the claims that have survived summary judgment. Dkt. No. 67. The court finds that the plaintiff has complied with the first requirement of Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007)—to make reasonable efforts to hire a lawyer on his own.

3

for that objection, and the court will decide whether to dismiss the state law claim with or without prejudice. The court then will recruit counsel for the plaintiff. Either way, once the court recruits a lawyer for the plaintiff, it will calendar a telephonic scheduling conference to talk with the parties about dates for a final pretrial conference and a trial.

The court **ORDERS** that by the end of the day on **Friday, February 8, 2019**, the plaintiff shall notify the court whether he objects to the defendants' request to dismiss the state law claim with prejudice. The plaintiff shall file his notice in time for the court to receive it by the end of the day on February 8, 2019. If the court does not receive either the notice, or a request from the plaintiff for more time, by day's end on February 8, 2019, the court will grant the defendants' motion and dismiss the state-law claim with prejudice.

Dated in Milwaukee, Wisconsin this 24th day of January, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**

---

Dkt. No. 67- 1. Given that this case is heading to trial, the court will grant the plaintiff's request to appoint counsel; it will start looking for a lawyer once it has dismissed the state law claim.