UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHAUN-THORSKRIEGER RAVENWOOD-ALEXANDER,

                Plaintiff,

v.                                                Case No. 17-cv-7-pp

JOSEPH D. BEAHM, *et al.*,

                Defendants.

**ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. NO. 60), GRANTING PLAINTIFF'S MOTION TO DISMISS STATE LAW MEDICAL NEGLIGENCE CLAIM (DKT. NO. 66) AND GRANTING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 67)**

      The plaintiff, who is representing himself, filed various Eighth Amendment claims against the defendants, as well as a Wisconsin state law medical negligence claim. Dkt. No. 1. The court dismissed several of those claims for failure to exhaust administrative remedies, but four Eighth Amendment claims and the state law claim survived. Dkt. No. 47. The defendants then filed a motion asking the court to grant partial summary judgment on the state law medical negligence claim, and to dismiss that claim with prejudice. Dkt. No. 60. A week after the defendants filed that motion, the plaintiff filed a motion asking the court to dismiss the state law negligence claim, but he did not specify whether he was seeking dismissal with or without prejudice. Dk. No. 66. The court ordered the plaintiff to notify the court whether he objected to the defendants' request to dismiss that claim with prejudice. Dkt. No. 71. The plaintiff now has responded that he agreed to dismissal with prejudice. Dkt. No. 72. The court will grant the

1

defendants' motion for partial summary judgment and will dismiss the state law medical negligence claim with prejudice.

The plaintiff also has asked the court to appoint a lawyer to represent him. Dkt. No. 67. The court told the plaintiff in its January 24, 2019 order that once he cleared up the with/without prejudice issue, it would recruit a lawyer to represent him. Dkt. No. 71 at 3. The court concluded in that order that the plaintiff had complied with the first requirement of Pruitt v. Mote, 503 F.3d 647, 563 (7th Cir. 2007), demonstrating that he'd made reasonable efforts to hire counsel on his own. Id. at n.1. After the plaintiff demonstrates that he has made those efforts, the court must decide "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013) (citing Pruitt, 503 F.3d at 655). The court looks, not only at a plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id.

Once a case gets past the summary judgment stage, litigation becomes very difficult for an incarcerated plaintiff. Preparation for mediation or trial requires frequent interaction with the court and the opposing parties in a controlled time frame. Given that, the court concludes that this case has reached the point where the difficulty of the case exceeds the plaintiff's ability as a layperson to litigate it. The court will, as it told the plaintiff it would do, grant his motion.

The court **GRANTS** the defendants' motion for partial summary judgment. Dkt. No. 60.

The court **GRANTS** the plaintiff's motion to dismiss the state law medical negligence claim. Dkt. No. 66.

The court **ORDERS** that the plaintiff's state law medical negligence claim is **DISMISSED WITH PREJUDICE.**

The court **GRANTS** the plaintiff's motion to appoint counsel. Dkt. No. 67. Once the court has found an attorney willing to represent the plaintiff, the court will provide the plaintiff with an agreement, which the plaintiff can sign if he agrees to accept representation under the conditions the court provides. Once counsel is on board, the court will set up a scheduling conference with the lawyers to discuss next steps.

Dated in Milwaukee, Wisconsin this 7th day of February, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**